# United States Court of Appeals for the Fifth Circuit

---

No. 22-50404
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Ramirez-Urbina,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-716-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pedro Ramirez-Urbina appeals the 71-month sentence imposed after his jury trial conviction of conspiring to transport illegal aliens and transporting illegal aliens. He primarily contends that the district court clearly erred in applying a 10-level enhancement under U.S.S.G. § 2L1.1(b)(7)(D) because the Government failed to demonstrate by a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50404

preponderance of the evidence that his conduct was a but-for cause of Jose Alfredo Lopez-Vasquez's death.

Because Ramirez-Urbina objected to the application of the enhancement below, we review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 211 (5th Cir. 2018). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.* at 212.

The Sentencing Guidelines provide that a defendant's offense level is increased by 10 levels "[i]f any person died" during the smuggling or transportation of an illegal alien. § 2L1.1(b)(7)(D). This enhancement will apply if the Government demonstrates by a preponderance of the evidence that the defendant's conduct was the but-for cause of an individual's death. *United States v. Gaspar-Felipe*, 4 F.4th 330, 343 & n.12 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 903 (2022). "But-for causation exists if the result would not have occurred without the conduct at issue." *Ruiz-Hernandez*, 890 F.3d at 212. We have recognized that this "is not a difficult burden to meet." *United States v. Ramos-Delgado*, 763 F.3d 398, 402 (5th Cir. 2014). We ask "whether the outcome would have occurred in the absence of the action." *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019).

While the autopsy results were inconclusive, Lopez-Vasquez would not have been lost in the Texas desert for four days in the summer without sufficient water but for Ramirez-Urbina's actions in smuggling him into the United States through the desert. *See Gaspar-Felipe*, 4 F.4th at 343–44. Simply stated, Ramirez-Urbina was "fully responsible for placing [Lopez-Vasquez] in a precarious position where subsequent but-for causes ultimately took his life." *Salinas*, 918 F.3d at 467. Therefore, the district court did not

No. 22-50404

clearly err in imposing the Section 2L1.1(b)(7)(D) enhancement. *See Ruiz-Hernandez*, 890 F.3d at 212.

Ramirez-Urbina also argues that sentencing based on acquitted conduct violates the due process clause; that Section 2L1.1(b)(7)(D) requires that the defendant's conduct be at least the proximate cause of death; and that the district court should have required "clear and convincing" proof of causation rather than proof by a preponderance of the evidence. He correctly concedes, though, that these arguments are foreclosed by our precedent. *See Ramos-Delgado*, 763 F.3d at 401–02; *United States v. Simpson*, 741 F.3d 539, 559 (5th Cir. 2014); *United States v. Farias*, 469 F.3d 393, 399–400 (5th Cir. 2006). He states that the arguments are raised only to preserve the claims for further review.

AFFIRMED.